NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIM MAXWELL and KAY MAXWELL, individually and as guardians of Trevor Allen Bruce and Kelten Tanner Bruce; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF SAN DIEGO; et al., <br><br> Defendants-Appellees. | No. 15-56976 <br><br> D.C. No. 3:07-cv-02385-JAH-JLB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted August 30, 2017
Pasadena, California

Before: W. FLETCHER and IKUTA, Circuit Judges, and BARKER,** District
Judge.

This case arises from the shooting and subsequent death of Kristin Maxwell-

Bruce at the hands of her husband, an off-duty San Diego Sheriff's Department

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sarah Evans Barker, United States District Judge for
the Southern District of Indiana, sitting by designation.

corrections deputy. Kristin's parents, Jim and Kay Maxwell, individually and as guardians of their grandchildren, Trevor Allen Bruce and Kelten Tanner Bruce, sued various San Diego Sheriff's deputies[1] and the paramedics from the Alpine Fire Protection District and the Viejas Fire Department,[2] all of whom responded to the 911 call. Before trial, the district court granted summary judgment in favor of the Alpine and Viejas paramedics. The case proceeded to trial against the Sheriff's deputies on claims related to their alleged actions in delaying the first ambulance from the scene, the detention and separation of Jim and Kay Maxwell, and the use of force against Jim Maxwell. The jury returned a verdict in favor of the Sheriff's deputies on all claims.

The Maxwells have now appealed the district court's orders granting summary judgment in favor of the Alpine and Viejas paramedics as well as the district court's order denying the Maxwells' post-trial motion for judgment as a matter of law or, in the alternative, a new trial as to their claims against the Sheriff's deputies. We have jurisdiction under 28 U.S.C. § 1291.

We begin by addressing the Maxwells' challenge to the grant of summary

---

[1]    The remaining Sheriff's deputies involved in this appeal are: Jeffrey Jackson, Gary Kneeshaw, and Michael Knobbe.

[2]    The paramedics involved in this appeal are: (1) the Alpine Fire Protection District, Brian Boggeln, Colby Ross, Gerald "Chip" Howell II, and Michael Mead (collectively, "the Alpine paramedics"); and (2) Bradley Avi and Jeremy Felber of the Viejas Fire Department (collectively, "the Viejas paramedics").

2

judgment in favor of the Alpine and Viejas paramedics.  We review *de novo* a district court's grant of summary judgment, "making all justifiable factual inferences in favor of the nonmoving party." *Beck v. City of Upland*, 527 F.3d 853, 861 (9th Cir. 2008).

California law provides for qualified immunity for emergency responders unless the responders act "in a grossly negligent manner" or their "acts or omissions [are] not performed in good faith."  Cal. Health & Safety Code §§ 1799.106–1799.108.  There was no allegation of bad faith in this case and gross negligence can be found only in cases in which there is either a "want of even scant care" or "an extreme departure from the ordinary standard of conduct." *City of Santa Barbara v. Superior Court*, 161 P.3d 1095, 1099 (Cal. 2007).

The record before us makes clear that the paramedics provided considerably more than "scant care" to Kristin in undertaking triage measures immediately upon arrival at the scene and promptly arranging for her transport to a trauma hospital, monitoring her vital signs, beginning c-spine precautions, and, when her condition worsened, twice attempting, albeit unsuccessfully, to visualize her airway in an effort to intubate her.  While the Maxwells argue that certain actions and omissions of the paramedics fell below the applicable standard of care, even assuming that to be true, there is no genuine issue of material fact that any of the paramedics' actions or omissions, considered alone or together, was such an "extreme

15-56976

departure" from the ordinary standard of care as to constitute gross negligence.

Nor was the district court's order erroneous in denying the Maxwells' renewed motion for judgment as a matter of law or, in the alternative, motion for a new trial on Jim Maxwell's unlawful detention and excessive force claims. We review *de novo* a district court's denial of a renewed motion for judgment as a matter of law and a motion for new trial pursuant to Federal Rule of Civil Procedure 59(a) for an abuse of discretion. *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 999, 1000 (9th Cir. 2008); *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010).

The Maxwells have conceded that, if the Sheriff's deputies' orders prohibiting Jim from seeing his wife were lawful, the force used against him was permissible. Viewing the evidence as a whole and in the light most favorable to the Sheriff's deputies, and drawing all reasonable inferences in their favor as we are required to do, we cannot say that the only conclusion permitted by the evidence is that the orders given to Jim by the Sheriff's deputies were unlawful. *See Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1046 (9th Cir. 2009). To the contrary, there was substantial evidence presented at trial that the Sheriff's deputies' orders had a lawful purpose, to wit, to secure the crime scene. Therefore, we also cannot say that any excessive force was used against Jim. The district court's finding that there was sufficient evidence to support the jury's verdict was

therefore not error. It is the duty of the jury to weigh the evidence and make credibility determinations; it is not within our purview to review or to reverse those determinations on appeal. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). For these reasons, we hold that the district court did not err in denying the Maxwells' renewed motion for judgment as a matter of law or for a new trial on these claims.

The district court also denied the Maxwells' motion for a new trial as to their claim that certain of the Sheriff's deputies delayed the ambulance, ruling that the jury's verdict was not against the weight of the evidence. We reverse such a decision "only where there is an *absolute absence of evidence* to support the jury's verdict." *Kode*, 596 F.3d at 612 (emphasis in original) (quoting *Desrosiers v. Flight Int'l of Fla., Inc.*, 156 F.3d 952, 957 (9th Cir. 1998)).

Here, there was sufficient evidence in the record to support a conclusion that the ambulance was not delayed by the Sheriff's deputies, specifically the paramedics' testimony at trial that they were never delayed by the deputies on the night that Kristin died. The jury was entitled to credit this testimony and we do not review such credibility determinations on appeal. *See id.* Because substantial evidence supported the jury's verdict, the district court did not abuse its discretion in denying the Maxwells' motion for a new trial on this basis.

Finally, the Maxwells appeal the district court's denial of their motion for a

5                                                                                          15-56976

new trial on the grounds that defense counsel made improper comments and mischaracterized the law during his opening statement and closing argument. Misconduct by trial counsel generally results in a new trial only "if the 'flavor of misconduct sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1192 (9th Cir. 2002) (internal quotation omitted) (alterations in original). The district court did not abuse its discretion in determining that no such permeating influence existed here. Any potential prejudice stemming from defense counsel's isolated remarks during his opening statement and closing argument was addressed and ameliorated by the district court's curative instructions and the Maxwells' counsel's opportunity to rebut defense counsel's statements. Thus, we hold that the district court did not err in denying the Maxwells' motion for a new trial on this ground.

**AFFIRMED.**

6                                                                                    15-56976